**SO ORDERED**



DAVID E. RICE
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### Baltimore Division

| | |
|---|---|
| IN RE: | Case No. 15-20748-DER |
| DEBORAH LYNN EKONOMIDES | |
| FKA DEBORAH LYNN RAINIER | Chapter 13 |
|     Debtor | |

SETERUS, INC. AS THE AUTHORIZED
SUBSERVICER FOR FEDERAL NATIONAL
MORTGAGE ASSOCIATION ("FANNIE MAE"),
CREDITOR C/O SETERUS, INC.
      Movant

v.

DEBORAH LYNN EKONOMIDES
FKA DEBORAH LYNN RAINIER
      Debtor/Respondent

and

EMMANUEL G. EKONOMIDES
      Co-Debtor/Co-Respondent

and

ROBERT S. THOMAS, II
      Trustee/Respondent

## AGREED ORDER MODIFYING STAY AS IT APPLIES TO REAL PROPERTY

THIS CAUSE came on for consideration of the Motion of Seterus, Inc. as the authorized

subservicer for Federal National Mortgage Association ("Fannie Mae"), creditor c/o Seterus, Inc.

BWW#: MD-137147

("Movant") for relief from stay (the "Motion"), and the Response by Deborah Lynn Ekonomides fka Deborah Lynn Rainier ("Debtor"). The Court, noting the agreement between the Debtor and Movant as to the relief set forth herein, finds it appropriate to grant the relief requested. The Chapter 13 Trustee and Co-Debtor have not filed a response and consequently are not objecting to the relief requested.

THEREFORE, it is ORDERED that:

1.    The Motion is hereby **GRANTED**.

2.    The Automatic Stay of 11 U.S.C. § 362(a) (the "Stay") is hereby modified. Movant shall forbear from exercising any right to foreclosure pursuant to the Deed of Trust related to the real property located at 9217 Peach Blossom Avenue, Perry Hall, MD 21128 (the "**Property**") so long as the Debtor remain in compliance with the terms of this Order.

3.    Beginning with the July 1, 2017, payment of $2,770.75, and continuing each month thereafter, pursuant to the Deed of Trust, Note, Loan Modification (if any), or other written agreements between the parties (the "**Loan Documents**"), the Debtor shall tender to Movant the regular monthly mortgage payments, as and when they come due and as adjusted for escrow/interest rate changes. A late fee may be assessed in the normal course and pursuant to the Loan Documents. The current address for payments is:

Seterus, Inc.
P.O. Box 1047
Hartford, CT 06143

4.    The total postpetition arrearages due to the Movant as of June 14, 2017 is calculated as follows:

| | | |
|---|---|---|
| One (1) missed payment(s) of $2,770.75 (June 1, 2017 through June 1, 2017) | = | $2,770.75 |
| Motion for Relief Attorney Fee | = | $850.00 |
| Motion for Relief Filing Fee | = | $181.00 |
| Less Post-Petition Suspense Balance | = | ($10.62) |
| **Total Post-Petition Default** | = | **$3,791.13** |

5.    The Debtor will cure the post-petition arrears by making a payment to Movant in the amount of $631.88 (said figure representing one-sixth [1/6] of Debtor' post-petition arrears) on or before July 15, 2017, and $631.85 continuing on the 15th day of each month thereafter,

BWW#: MD-137147

through and including November 15, 2017.

6.      Based upon the lack of equity in the Property, as asserted in the Motion, the parties agree that if the Debtor convert this case to a filing under another Chapter of Title 11 of the U.S. Code, the Stay is TERMINATED and Movant may immediately exercise all *in rem* rights provided by the Loan Documents and applicable state law, including but not limited to commencing or continuing a foreclosure action, obtaining or transferring title to the Property, and allowing a foreclosure purchaser or transferee to obtain possession of said Property.

7.      If the holder of any other Deed of Trust or lien on the Property obtains relief from the Automatic Stay, then the Movant's obligation to forbear from commencing or continuing a foreclosure proceeding shall immediately terminate without any further proceeding in this Court and the Stay is TERMINATED as to Movant.

8.      In the event that payment required by this Order is not received by Movant when it is due, or some other action required hereunder is not timely completed, Movant shall file a Notice of Non-compliance (the "Notice") and send a copy to the Debtor via first-class mail. The Notice will describe the nature of the default.

9.      Upon the filing of the Notice, the Debtor must take one of the following actions within ten (10) days: i) cure the default or ii) file an objection with the Court stating no default exists.

10.      If the Debtor does not take one of the actions within the prescribed time, set forth in the preceding paragraph, the Stay is TERMINATED. Thereafter, Movant may proceed with its *in rem* remedies permitted by the Loan Documents and applicable state law, including but not limited to commencing or continuing a foreclosure action, obtaining or transferring title to the Property, and allowing a foreclosure purchaser or transferee to obtain possession of said Property.

11.      The Movant may file a Certificate of Default stating that it has complied with the terms of this Order and may submit, together with the Certificate of Default, a draft order terminating the Stay.

12.      If the Debtor default(s) pursuant to the terms of this Order on a second occasion, Movant may file a Certificate of Default advising that the Stay has TERMINATED. The Debtor shall not be entitled to cure the default pursuant to the terms of this Order. Thereafter, Movant

may proceed with its *in rem* remedies permitted by the Loan Documents and applicable state law, including but not limited to commencing or continuing a foreclosure action, obtaining or transferring title to the Property, and allowing a foreclosure purchaser or transferee to obtain possession of said Property.

13.     Any cure of the Notice must include all amounts set forth therein, including attorneys' fees resulting from the Debtor' default, as well as any payments which have subsequently become due under the terms of this Order and that are due at the time Debtor tenders funds to cure the default.  Acceptance of partial payment by the Movant during the cure period shall not constitute a satisfaction or waiver of the Notice.

14.     At Movant's discretion, and in order to avoid liquidation of said Property, Movant may offer and provide the Debtor with information regarding a potential Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation options, and may enter into such agreement with the Debtor (subject to further approval by this Court). Movant may also continue to protect its lien pursuant to the Loan Documents, to the extent allowed by law.

15.     The Co-Debtor has not filed a response to the Motion, therefore the Co-Debtor Stay imposed by 11 U.S.C. § 1301 is hereby TERMINATED by default.

16.     This Order applies to any successor-in-interest of Movant and shall not be subject to the stay of order referenced in Federal Rule of Bankruptcy Procedure 4001(a)(3).

AGREED:


/s/ *Leah Freedman*
Leah Freedman, Esq., MD Fed. Bar No. 18950
BWW Law Group, LLC
6003 Executive Blvd, Suite 101
Rockville, MD 20852
P: 301-961-6555, F:301-961-6545
bankruptcy@bww-law.com
*Counsel for the Movant*

/s/ *Alon Nager*
Alon Nager
8180 Lark Brown Road, Suite 201
Elkridge, MD 21075
*Counsel for Debtor*

BWW#: MD-137147

**CERTIFICATION OF CONSENT**

I HEREBY CERTIFY that the terms of the copy of the agreed order submitted to the Court are identical to those set forth in the original agreed order; and the signatures represented by the /s/_____ on this copy reference the signatures of consenting parties on the original agreed order.

*/s/ Leah Freedman*
Leah Freedman, Esq.

cc:

BWW Law Group, LLC
6003 Executive Blvd, Suite 101
Rockville, MD 20852

Robert S. Thomas, II, Trustee
300 E. Joppa Road, Suite 409
Towson, MD 21286

Alon Nager
8180 Lark Brown Road, Suite 201
Elkridge, MD 21075

Deborah Lynn Ekonomides
fka Deborah Lynn Rainier
9217 Peach Blossom Avenue
Perry Hall, MD 21128

Emmanuel G. Ekonomides
9217 Peach Blossom Avenue
Perry Hall, MD 21128

Emmanuel G. Ekonomides
PO Box 43504
Nottingham, MD 21236

**END OF ORDER**

BWW#: MD-137147